IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 10:53 am, Mar 05, 2020*

| | |
|---|---|
| ANDREA BOATRIGHT, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-2 |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Anne Pate ("the ALJ" or "ALJ Pate") denying her claim for supplemental security income and asks the Court to reverse and remand the ALJ's decision for rehearing.  Doc. 15 at 23.  Defendant asserts the Commissioner's decision should be affirmed.  Doc. 16 at 24.  Upon consideration of the parties' briefs, docs. 15, 16, 17, and those portions of the administrative record, doc. 11, relevant to the issues raised, I **RECOMMEND** the Court **REMAND** the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

### BACKGROUND

Plaintiff filed an application for supplemental security income benefits on October 30, 2015, alleging she became disabled on October 7, 2015 due to multiple sclerosis and post-traumatic stress-disorder ("PTSD").  Doc. 11-6 at 2 (R. 190); Doc. 11-7 at 6 (R. 219).  After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing.

On January 29, 2018, ALJ Pate conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified from Waycross, Georgia.  Doc. 11-2 at 38 (R. 37).

Thereafter, in a letter to ALJ Pate dated February 14, 2018, Plaintiff's counsel submitted a copy of a favorable decision awarding disability benefits to Plaintiff on August 31, 2007 due to multiple sclerosis, status post cerebrovascular accident (in common parlance, a stroke), degenerative disc of the lumbar spine, fibromyalgia, varicose veins, and anxiety.  Doc. 11-7 at 79 (R. 292).  Plaintiff's counsel asked ALJ Pate to "find that this continues to be [Plaintiff's] condition."  Id.  In the letter, Plaintiff's counsel also noted Plaintiff was disqualified from receiving disability benefits—despite the ALJ's finding of disability—due to her husband's income at the time, from whom she is now divorced.  Id.  Plaintiff also submitted into the evidentiary record progress notes from Satilla Regional Medical Center documenting her treatment for the stroke.  Doc. 11-8 at 46–50 (R. 338–42).  Those medical records show Plaintiff experienced double vision, dizziness, numbness on her right side, neck pain that had lasted for several months, and stinging pain in her extremities.  Id. at 47, 49 (R. 339, 341).

On February 21, 2018, the ALJ issued her decision finding Plaintiff not disabled within the meaning of the Social Security Act ("the Act") since October 7, 2015.  Doc. 11-3 at 34 (R. 94).  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review.  Doc. 11-2 at 2 (R. 1).  Plaintiff, born on November 27, 1974, was 43 years old when ALJ Pate issued her final decision and 40 years old on her alleged disability onset date.  Doc. 11-3 at 43 (R. 103).  She has at least a high school education and no past relevant work experience.  Id.

**DISCUSSION**

**I.     The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and is acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v.

3

Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity since October 7, 2015, her alleged onset date. Doc. 11-3 at 36 (R. 96). At step two, ALJ Pate determined Plaintiff had multiple sclerosis, a condition considered "severe" under the Regulations. Id. At the third step, the ALJ determined that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment. Id. at 39 (R. 99). The ALJ found Plaintiff had the residual functional capacity to perform sedentary work, with the following limitations: lift and/or carry ten pounds occasionally; lift and/or carry less than ten pounds frequently; push or pull commensurate with lifting restrictions; limit standing and/or walking to six out of eight hours and similarly limit sitting to six out of eight hours in a workday; no climbing ladders, ropes, or

4

scaffolds; no more than occasionally climbing ramps and stairs, and balancing, stooping, bending, squatting, kneeling, crouching, or crawling; avoid hazards; and occasional use of a cane to walk on uneven terrain.  Id.  At the next step, the ALJ determined Plaintiff had no past relevant work.  Id. at 43 (R. 103).  The ALJ concluded at the fifth and final step that Plaintiff could perform the jobs of small item inspector, document preparer, and food order clerk, all of which are unskilled jobs at the sedentary level and which exist in significant numbers in the national economy.  Id. at 44 (R. 104).

## II.     Issues Presented

Plaintiff enumerates as error four issues.  First, Plaintiff argues the ALJ improperly evaluated all of Plaintiff's impairments; specifically, Plaintiff asserts as error the ALJ's omission of the stroke Plaintiff suffered in 2005.  Doc. 15 at 13.  Second, Plaintiff argues the ALJ's residual functional capacity determination is unsupported by substantial evidence, namely in that the ALJ found no reaching, handling, or fingering limitations.  Id. at 14.  Third, Plaintiff argues the ALJ improperly weighed the opinion of her treating physician, Dr. Martin.  Id. at 19.  Fourth, Plaintiff argues the ALJ improperly assessed Plaintiff's subjective symptoms.  Id. at 21.

For the reasons discussed below, the Court finds merit in Plaintiff's contention the ALJ did not properly evaluate all of Plaintiff's impairments.  Because remand is warranted on this basis, the Court will not address Plaintiff's other three arguments.  See Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (concluding that because one issue warranted remand, the court need not consider the remaining issues.).

## III.    Standard of Review

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and

whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.     The ALJ's Evaluation of Plaintiff's Impairments**

Plaintiff argues the ALJ erred by failing to evaluate all of her impairments. Doc. 15 at 13. Plaintiff points to a "cerebrovascular accident" she experienced in 2005, which the ALJ did not discuss in her decision and which Plaintiff alleges contributes to her physical and mental fatigue. Doc. 17 at 3. In response, Defendant asks the Court to decide Plaintiff did not prove her stroke caused her any physical or mental limitation. Doc. 16 at 5. However, as established, this is not the Court's role. See Martin, 894 F.2d at 1529 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary.").

In determining whether a claimant suffers a disability the ALJ works through a five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the second step, the ALJ must consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). In this case, the ALJ found Plaintiff did have at least one severe impairment, multiple sclerosis, and proceeded to step three. Doc. 11-3 at 36 (R. 96).

"At step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether severe or not, that qualify as a disability. The ALJ must consider the applicant's medical condition taken as a whole." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). Indeed, "the ALJ should consider each impairment singularly and in combination to determine disability." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Here, at step three, the ALJ evaluated Plaintiff's affective disorder and multiple sclerosis and found Plaintiff's combination of impairments did not meet or medically equal the severity of a listed impairment. Id. Notably, the ALJ did not consider the potential limiting effects of Plaintiff's stroke, alone or in combination with her other impairments, when determining Plaintiff's residual functional capacity. Nor did the ALJ explain why she omitted from her

decision any mention of those impairments for which Plaintiff was originally found disabled, including cerebrovascular accident, degenerative discs of the lumbar spine, and fibromyalgia. The decision only states the ALJ "reviewed all of the evidence and determined that the claimant's impairments are not attended by the clinical and laboratory findings which are the same as or equivalent to" a Regulation listing. Doc. 11-3 at 39 (R. 99). The record lacks any findings as to whether any of these impairments—alone or in combination—constitute a severe impairment or whether the impairments were considered in conjunction with severe impairments. Thus, it is not clear whether the ALJ considered Plaintiff's entire medical condition.

Defendant argues the 2005 records documenting Plaintiff's stroke predate Plaintiff's alleged disability date and, thus, the ALJ's failure to consider them was only harmless error. Doc. 16 at 5 (citing to Santos v. Soc. Sec. Admin. Comm'r, 731 F. App'x 848, 856 (11th Cir. 2018); Arrington v. Soc. Sec. Admin., 358 F. App'x 89, 94 (11th Cir. 2009); Berg v. Comm'r of Soc. Sec., No. 5:14-CV-79, 2015 WL 1221282, at *3–4 (M.D. Fla. Mar. 17, 2015); Potter v. Colvin, No. 8:12-CV-1031, 2013 WL 1347282, at *3 (M.D. Fla. Feb. 28, 2013)). However, the ALJ's failure to consider the medical records from before the claimant's alleged disability date is inapposite to the issue of whether the ALJ considered the Plaintiff's entire medical condition. Although substantial evidence review is deferential, the Commissioner's failure "to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Morrison v. Comm'r of Soc. Sec., 660 F. App'x 829, 832 (11th Cir. 2016) (citing Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994); Ryan v. Heckler, 762 F.2d 939, 941 (11th Cir. 1985)).

On the record before it, the Court cannot effectively ensure the ALJ considered Plaintiff's entire medical condition. As the Eleventh Circuit has explained:

> Where we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the [Commissioner]'s regulations as construed by this circuit, we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied.  We do not require that ALJs necessarily cite to particular regulations or cases; nor do we require the use of particular phrases or formulations.  But in order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply—where we cannot do that we must vacate and require a remand to the [Commissioner] for clarification.

Jamison, 814 F.2d at 588.  Accordingly, this case should be remanded for the ALJ to consider each and every impairment Plaintiff alleges—including multiple sclerosis, PTSD, stroke, degenerative discs of the lumbar spine, fibromyalgia, and varicose veins—singularly and in combination.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** this case be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.  This remand under sentence four would terminate this Court's jurisdiction over this matter.  Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA